IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| ZHAOCHENG ANTHONY TAN, et al., <br><br> Petitioners, <br><br> v. <br><br> DONALD TRUMP, in his official capacity as President of the United States, et al., <br><br> Respondents. | No. 26-1047 |

**MOTION TO POSTPONE OR EXTEND DEADLINE
TO FILE CERTIFIED INDEX**

Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully moves to postpone the deadline to file a certified index to the administrative record until after this Court resolves the government's forthcoming dispositive motion to dismiss this petition for review. In the alternative, the government requests a 60-day extension, to and including June 22, 2026, in which to file the certified index. This motion is opposed.

1. The Protecting Americans from Foreign Adversary Controlled Applications Act, Pub. L. No. 118-50, div. H, 138 Stat. 955 (2024) (Act) makes it unlawful for third parties to provide certain services to "distribute,

maintain, or update" a "foreign adversary controlled application" in the United States. Act § 2(a)(1). The Act defines "foreign adversary controlled application" to include any application "operated, directly or indirectly," by "ByteDance, Ltd."; "TikTok"; or subsidiaries or successors of those companies. Act § 2(g)(3). An application may be removed from the Act's ambit by execution of a "qualified divestiture" based on certain determinations made by the President. Act § 2(c)(1), (g)(6).

2. Petitioner Zhaocheng Anthony Tan owns shares in Alphabet Inc. (the parent company of YouTube), and petitioner Garrett Reid owns shares in Meta Platforms, Inc. (the parent company of Instagram). *See* Pet. 21. Invoking the statutory provision that authorizes direct review in this Court, *see* Act § 3, petitioners primarily ask this Court to declare unlawful the President's approval of the sale of TikTok's U.S. operations to a joint venture controlled by a U.S. investor group as a "qualified divestiture" under the Act, *see* Pet. 30. According to petitioners, decisions related to enforcement of the Act against TikTok have affected the price of petitioners' stock because "YouTube and Instagram compete with TikTok for sharing and viewing videos." Pet. 21-24. In other words, petitioners claim that the President's determination has diminished the value of companies that host video-sharing

2

platforms that are alternatives to TikTok, and that petitioners "have suffered financially" because they own stock in those companies.  Pet. 24.

3.  The government intends to file a motion to dismiss this petition for review by the April 20, 2026, deadline for dispositive motions.  The order setting that deadline also specifies that the certified index to the administrative record is due the same day.  The government respectfully requests that the Court postpone the deadline to file the certified index until after the Court resolves the forthcoming motion to dismiss.

4.  If the Court grants the motion to dismiss, it would fully dispose of the petition for review and obviate any need to submit a certified index.  The government plans to seek dismissal on the ground that petitioners lack standing to bring this challenge.  The government intends to urge that stockholders do not have standing to challenge actions that allegedly injure corporations based on regulatory actions directed at their competitors.  *See, e.g.*, *Pittsburgh & W.V. R.R. Co. v. United States*, 281 U.S. 479, 487 (1930) (recognizing that stockholders cannot assert "the indirect harm which may result to every stockholder from harm to the corporation"); *United States v. Palmer*, 578 F.2d 144, 145-46 (5th Cir. 1978) ("The law is clear that only a corporation and not its shareholders, not even a sole shareholder, can

3

complain of an injury sustained by, or a wrong done to, the corporation."). Were the Court to conclude that petitioners lack standing, that issue would be dispositive and result in dismissal.

5. This case does not involve an ordinary petition for review of agency action. Rather, petitioners seek to challenge a national security action by the President, invoking a special statute that allows for a case to be initiated in this Court in the first instance. *See* Act § 3. This review scheme has been invoked on only one prior occasion, by TikTok and users of TikTok who challenged the constitutionality of the Act. *See TikTok v. Bondi*, No. 24-1113 (D.C. Cir); *Firebaugh v. Bondi*, No. 24-1130 (D.C. Cir.); *BASED Politics Inc. v. Bondi*, No. 24-1183 (D.C. Cir.); *Kennedy v. Bondi*, No. 24-1316 (D.C. Cir.); *see also TikTok Inc. v. Garland*, 604 U.S. 56 (2025) (affirming that the Act does not violate the First Amendment). In that litigation, the parties agreed on a set of procedures for submitting relevant factual materials to the Court. Here, the government respectfully requests that, if the case were to proceed to the merits, the parties be granted time to mutually devise an arrangement for how to handle this case or to submit competing proposals to the Court if the parties cannot reach an agreement.

6.  In addition to potential disputes about the proper procedures, the parties may also have disagreements about the record.  Unlike a traditional challenge to agency action where the administrative record includes the materials considered by the agency decisionmaker, this petition primarily seeks to challenge presidential determinations made "through an interagency process."  Act § 2(g)(6)(A)-(B).  As noted above, the need for a record at this stage is not clear, and the parties may have different views about the appropriate contents of the record.  Petitioners have indicated that, if the case proceeds to the merits, they may wish to seek discovery.  Furthermore, because the ultimate decision is vested in the President and implicates matters of national security, an ex parte submission of classified material may be necessary, *see Jifry v. Federal Aviation Admin.*, 370 F.3d 1174, 1182 (D.C. Cir. 2004), and some communications may be subject to executive privilege or other privileges, *see United States v. Nixon*, 418 U.S. 683, 708 (1974).  Certain disputes may need to be presented to the Court for resolution.  Courts ordinarily resolve dispositive motions like a motion to dismiss before wading into such disputes.

7.  Accordingly, the government believes that the most appropriate course to conserve the resources of the parties and the Court would be to

defer the deadline to file the certified index until after resolution of the government's motion to dismiss. At that time, if the case were to proceed to the merits, the Court may wish to have the parties confer and propose appropriate procedures for this case. At a minimum, given the complexities associated with compiling the record, the government alternatively requests a 60-day extension, to and including June 22, 2026, in which to file the certified index.

8. Counsel for petitioners has indicated that petitioners oppose this motion.

**CONCLUSION**

For the foregoing reasons, the government moves to postpone the deadline to file a certified index until after this Court resolves the government's forthcoming dispositive motion to dismiss this petition for review. In the alternative, the government requests a 60-day extension, to and including June 22, 2026, in which to file the certified index.

Respectfully submitted,

DANIEL TENNY
SEAN R. JANDA

/s/ *Brian J. Springer*
BRIAN J. SPRINGER
(202) 616-5446
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530

MARCH 2026

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,112 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in CenturyExpd BT 14-point font, a proportionally spaced typeface.

/s/ Brian J. Springer
Brian J. Springer

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I filed and served the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

/s/ *Brian J. Springer*
Brian J. Springer