[ORAL ARGUMENT NOT SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ZHAOCHENG ANTHONY TAN, et al.,

Petitioners,

v.

DONALD TRUMP, in his official capacity as President of the United States, et al.,

Respondents.

No. 26-1047

**JOINT MOTION TO GOVERN FURTHER PROCEEDINGS**

Pursuant to Federal Rule of Appellate Procedure 27 and this Court's order of July 20, 2026, petitioners and the government hereby file this joint motion to govern further proceedings. The parties respectfully request that this Court enter an order directing the government to file a Certified Index to the Administrative Record within 60 days of the Court's order, *see* Fed. R. App. P. 17, and establish a briefing schedule after the filing of the certified index, *see* Fed. R. App. P. 31.

1. The Protecting Americans from Foreign Adversary Controlled Applications Act, Pub. L. No. 118-50, div. H, 138 Stat. 955 (2024) (Act), makes

it unlawful for third parties to provide certain services to "distribute, maintain, or update" a "foreign adversary controlled application" in the United States. Act § 2(a)(1). Applications may be removed from the Act's ambit by execution of a "qualified divestiture" based on certain determinations made by the President. Act § 2(c)(1), (g)(6). Exclusive jurisdiction over challenges to actions under the Act lies in this Court. *See* Act § 3.

In this petition for review, petitioners challenge the President's determination that the covered application TikTok has executed a qualified divesture, as well as the Attorney General's decision not to enforce the statute as applied to TikTok. They primarily ask this Court to declare unlawful the President's approval of the sale and the Attorney General's previous decisions not to enforce the Act with respect to TikTok pending the negotiation and completion of that sale.

After petitioners filed their petition, the government informed petitioners and the Court that the government intended to file a motion to dismiss the petition on threshold grounds. This Court then entered an order establishing a deadline for the submission of dispositive motions and providing that any "order directing respondents to file a certified index will

be entered after any dispositive motions are resolved." Order (Apr. 29, 2026).

The government then filed, and the parties briefed, the contemplated motion to dismiss. On July 20, this Court entered an order "referr[ing] to the merits panel" the motion to dismiss and directing the parties "to address in their briefs the issues presented in the motion to dismiss." Order (July 20, 2026). The Court also ordered the parties to "file, within 30 days of the date of this order, motions to govern further proceedings in this case." *Id.*

2. The parties now jointly request that the Court enter an order directing respondents to file a certified index within 60 days of the Court's order. After that certified index is filed, the parties request that the Court enter a briefing schedule in accordance with Fed. R. App. P. 31.

In agreeing to this motion, the parties understand that petitioners are not waiving their right to seek appropriate relief if they believe that documents are improperly omitted from the Administrative Record that respondents ultimately produce. If petitioners determine to seek such relief, the parties expect to move to postpone briefing until any such dispute is resolved.

In addition, the parties understand that petitioners are not waiving the ability to supplement their opening brief with additional evidence. In petitioners' view, given the unusual posture where the U.S. Court of Appeals has original jurisdiction over this action, there is no district court record, and as the government acknowledges, this case is not "an ordinary petition for review of agency action." Gov. Opp to Joint Appendix at 5. In *TikTok v. Garland*, brought under the same statute, the petitioners included supplemental material in their briefs before this court, citing news articles and including declarations. As the government has not yet been able to describe the contents of the Administrative Record, petitioners believe that, depending on what record is produced, petitioners' brief may need to be supplemented with additional evidence.

At the same time, the parties understand that respondents do not waive the right to object to the Court's consideration of any such extra-record evidence on the merits. In respondents' view, judicial review of the President's and Attorney General's actions on the merits will be properly confined to "the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).

Additionally, the parties understand that petitioners reserve the right to seek discovery if warranted at a later date.

**CONCLUSION**

For the foregoing reasons, the parties respectfully request that this Court enter an order directing the government to file a certified index within 60 days of the Court's order and establish a briefing schedule thereafter.

Respectfully submitted,

DANIEL TENNY

*/s/ Sean R. Janda*
SEAN R. JANDA
BRIAN J. SPRINGER
(202) 514-3388
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

*/s/ Brendan Ballou*
Brendan Ballou (D.C. Bar No. 241592)
**Public Integrity Project**
Andrea Dobson-Forsee*
ballou@publicintegrityproject.org
andie@publicintegrityproject.org
(917) 684-3900

*Pro hac vice motion forthcoming
*Counsel for Petitioners*

AUGUST 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 749 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in CenturyExpd BT 14-point font, a proportionally spaced typeface.

*/s/ Sean R. Janda*
Sean R. Janda